AO 106 (Rev. 04/010) Application for Search Warrant     AUTHORIZED AND APPROVED/DATE:     /S Bow Bottomly 07/20/2023

# UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF OKLAHOMA

In the Matter of the Search of  )
*(Briefly describe the property to be search* )
*Or identify the person by name and address)* )
PROPERTY KNOWN AS: )  Case No: M-23-539-STE
Apple iPhone XR (black in color, with broken camera )
and broken back) )
 )
IN POSSESSION OF: )
FBI Oklahoma City Field Office )
3301 West Memorial Road )
Oklahoma City, OK, 73124-7098 )

## APPLICATION FOR SEARCH WARRANT

I, Timothy C. Doyle, a federal law enforcement officer or attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property *(identify the person or describe property to be searched and give its location)*:

See Attachment A, which is attached and incorporated by reference.

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached and incorporated by reference.

The basis for the search under Fed. R. Crim.P.41(c) is *(check one or more)*:
☒ evidence of the crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2251(a) and (e) | Sexual Exploitation of a Child |
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Material Containing Child Pornography |

The application is based on these facts:

See attached Affidavit of Special Agent Timothy C. Doyle, Federal Bureau of Investigation (FBI), which is incorporated by reference herein.

☒ Continued on the attached sheet(s).
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet(s).

_____
*Applicant's signature*

Timothy C. Doyle
Special Agent
FBI

Sworn to before me and signed in my presence.

Date: **Jul 20, 2023**

City and State: Oklahoma City, Oklahoma

*Judge's signature*

SHON T. ERWIN, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Timothy C. Doyle, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant to search for and seize evidence of violations of Title 18 of the United States Code §§ 2251(a) and (e) (Sexual Exploitation of a Child), and Title 18 of the United States Code § 2252(a)(5)(B) (Possession of Material Containing Child Pornography) located within one (1) Apple iPhone XR (black in color, with broken camera and broken back), currently in law enforcement possession at the Federal Bureau of Investigation (FBI) Oklahoma City Field Office, 3301 W. Memorial Road, Oklahoma City, OK. The device to be searched are described in the following paragraphs and in Attachment A.

2. I have been employed as a Special Agent (SA) with the FBI since September 2015 and have been assigned to the Oklahoma City Division, Stillwater Resident Agency of the FBI for approximately 4 years. Prior to being assigned in Oklahoma City Division I was assigned to the San Antonio Division, Laredo Resident Agency. During my time with the FBI, I have conducted a wide variety of investigations, including cases involving child exploitation. I further have extensive training and experience in investigating child exploitation cases to include the production, distribution, and transportation of child pornography images and videos via the internet and child sex abuse cases. As part of my duties and responsibilities as an FBI Special Agent, I am authorized to investigate crimes involving the sexual exploitation of children pursuant to Title 18, United States Code, Sections 2251 and 2252, et seq.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from my review of local law enforcement reports and

interviews of witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience, evidence of criminal activity, to include motives, operational planning, operational preparation, and other relevant evidence will be found in the criminal's electronic devices including their cellular telephone. This evidence often includes location data stored in the internal memory of the cellular telephone, encrypted communications between co-conspirators, non-encrypted communications between co-conspirators in the form of emails and text messages, and other accounts linked to the criminal and their criminal activity to include social media accounts which can be used in the planning and execution of a crime.

5. Based on the information set forth below, there is probable cause to believe that this smart phone, seized from one of the subjects of my investigation, identified as one (1) Apple iPhone XR (black in color, with broken camera and broken back), and hereinafter referred to as "The DEVICE", and any and all evidence referenced in Attachment B, is related to violations of Title 18 of the United States Code §§ 2251(a) and (e) (Sexual Exploitation of a Child) and Title 18 of the United States Code § 2252(a)(5)(b) (Possession of Material Containing Child Pornography). There is probable cause to believe that a search of The DEVICE will lead to evidence, fruits, and instrumentalities of the aforementioned crimes.

6. This court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. §§ 2711, 2703(a), (b)(1)(A), and (c)(1)(A). Specifically, the Court is "a district court of the United States. . . that has jurisdiction over the offense being investigated" 18 U.S.C. §2711(3)(A)(i), and "is in . . . a district in which the provider . . . is located or in which the wire or electronic communication, records, or other information are stored." 18 U.S.C. §2711(3)(A)(ii).

2

## **TECHNICAL TERMS AND DEFINITION**

7. Based on my training and experience, I use the following technical terms to convey the following meanings and apply to this Affidavit and Attachment B:

   a. A "wireless telephone" (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

   b. A "GPS" navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an

extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

c. An "Internet Protocol address" (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

d. "Internet" is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

e. "Child Pornography" includes any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct; (b) the visual depiction was a digital image, computer image, or computer-generated image that is, or is

4

indistinguishable from, that of a minor engaged in sexually explicit conduct; or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. *See* 18 U.S.C. § 2256(8).

f. "Minor" means any person under the age of 18 years. *See* 18 U.S.C. § 2256(1).

g. "Sexually explicit conduct" applies to visual depictions that involve the use of a minor, *see* 18 U.S.C. § 2256(8)(A), or that have been created, adapted, or modified to appear to depict an identifiable minor, *see* 18 U.S.C. § 2256(8)(C). In those contexts, the term refers to actual or simulated (a) sexual intercourse (including genital-genital, oral-genital, or oral-anal), whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person. *See* 18 U.S.C. § 2256(2)(A).

h. "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. *See* 18 U.S.C. § 2256(5).

## **PROBABLE CAUSE**

8. The FBI is currently investigating a theft ring responsible for the theft and subsequent interstate transport of stolen vehicles, trailers, and construction equipment. One of the individuals identified as a co-conspirator in the ring is REESE.

9. On April 13, 2023, a special agent with the Oklahoma Department of Agriculture, Food and Forestry (ODA) met with REESE at a shop building located at 109 S. Oklahoma, Cherokee, Oklahoma. REESE was informed that stolen property had been located within the shop. REESE agreed to speak with the ODA special agent at the Cherokee Police Department. REESE was then transported to the Cherokee Police Department at which time REESE consented to an interview and waived his *Miranda* rights. During this interview, REESE made some admissions which indicated he was involved in the illegal activity being investigated by ODA. After the interview REESE was released.

10. On April 13, 2023, prior to the Oklahoma state search warrants being authorized, The Device was seized by ODA.[1] The DEVICE was seized because based on the ODA agents training and experience he believed The DEVICE contained evidence of the criminal activity being investigated and he wanted to preserve the evidence.

11. The DEVICE was turned over to the FBI by ODA on May 31, 2023, and is currently in the custody of the FBI, within the Oklahoma City Field Office's evidence room located at 3301 W. Memorial Rd, Oklahoma City, Oklahoma. The DEVICE is further described as one iPhone XR, black in color, with broken camera and broken back, belonging to REESE.

12. On June 28, 2023, a search warrant for The DEVICE (and two other cell phones belonging to other co-conspirators) was signed in the Western District of Oklahoma by United States Magistrate Judge Suzanne Mitchell. *See* Case No: M-23-487-SM. The application and search warrant were related to an investigation of stolen vehicles and farm equipment. On July

---

[1] In Paragraph 10 of the Affidavit in Support of an Application for Search Warrant in Case No: M-23-521-STE, the affidavit in error stated that The DEVICE was seized based on an Oklahoma state search warrant. This statement was an error. The correct statement is in Paragraph 9 of this Affidavit.

18, 2023, your Affiant submitted a new application for a search warrant for The DEVICE (and the two other cell phones belonging to other co-conspirators) because as stated above your Affiant in error stated that The DEVICE and one of the other seized phones were seized based on a search warrant. The statement was corrected to state The DEVICE and one of the other seized phones were seized based on probable cause because based on the ODA agents training and experience he believed the electronic devices contained evidence of the criminal activity being investigated and he wanted to preserve the evidence. *See* Case No: M-23-534-STE.

13. On July 6 and 7, 2023, while FBI personnel were searching The DEVICE for evidence related to the crime being investigated, unrelated evidence of a previously unknown crime was discovered. This included dozens of photographs and videos of a minor female who appears to be between the ages 12-17 years old with red hair, braces, and a thin build. The minor female was seen in various stages of undress, in various positions. The minor female was also seen in multiple photos to be engaged in various sex acts to include vaginal sex with what appears to be an adult male, performing oral sex on an adult male penis, and digital penetration of her vagina by the hand of the adult male. The only body parts of the adult male visible were the legs, penis, and stomach. It appeared to be a white male with hairy legs and hair around the base of the penis. The stomach area was not excessively large, but also not flat, and appeared to have been shaven or had the hair cut short. It also appeared that this adult male was the one taking the photographs of the minor female. According to the metadata on the photos, the device that took the photos was the iPhone XR, black in color, with the broken camera and broken back, being searched by FBI. This same metadata also showed a creation date of March 26, 2023, for many of the photos.

14. Based on previous investigative knowledge of REESE, I believe I have identified the minor female in the images. It is believed the female in the photos and videos is currently a

7

minor, under 18 years old, and that she was often accessible to REESE when the images were taken. It is also believed based on the build of the adult male in the photos, and the fact that the photos were taken and saved on The DEVICE, the adult male is REESE.

15. Based on previous investigative knowledge of REESE, it is believed that REESE's residence is located at 222 N. 6th, Carmen, Oklahoma 73726. Another residence that REESE is believed to have stayed overnight on many occasions is in Cherokee, Oklahoma. It is believed that the images of the minor female were taken at one of these two locations. Both locations are in the Western District of Oklahoma.

16. On July 7, 2023, at about 8:00 p.m., REESE was located in Cherokee, Oklahoma and interviewed by FBI. REESE was advised of his *Miranda* rights, waived his rights, and agreed to be questioned. REESE was asked about the photos and videos located on his cellular phone and admitted to taking photographs and setting up a camera and taking videos while he was engaged in sexual acts with the minor female. REESE confirmed the identity of the minor female in the images and that he knew she was a minor. REESE has had close and continuing contact with the minor female for six to seven years and knows her age and birthdate. REESE stated he began a sexual relationship with the minor female sometime in the middle of 2022. REESE stated he and the minor female only ever engaged in sexual acts while at his residence located at 222 N 6th, Carmen, Oklahoma 73726. REESE described the bedroom at this residence and corroborated the details observed in some of the photos and videos on The DEVICE. The corroborated details included the brown plaid bedding, wooden headboard, the "man cave" sign on the wall, the white bedroom door, the tan carpet, and the floor having lots of various things on it. REESE advised he had set up a camera next to his bed and made videos of sexual acts committed with the minor female. REESE was asked if any other devices contained photos or videos of the sexual acts with

8

the minor female and REESE advised it is possible additional photos were taken on an old phone, but it broke, and he threw it away. REESE also said, "all that stuff we're getting rid of" and when asked if any additional material was at his house REESE stated "no, we are getting rid of all that stuff."

17. After the interview, based on probable cause to believe REESE violated 18 U.S.C. § 2251(a) and (e) and 18 U.S.C. § 2252A(a)(5)(B), REESE was placed under arrest.

18. Based on my training and experience, I believe that The DEVICE possessing child pornography and that was used to produce the images of child pornography had been mailed, shipped, or transported in interstate or foreign commerce.

19. On July 10, 2023, your Affiant submitted an almost identical application for a search warrant, which was reviewed and signed. *See* Case No. M-23-521-STE. The affidavit made an erroneous statement regarding The DEVICE being seized based on an Oklahoma state search warrant, which this application seeks to correct.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

20. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, items that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensic tools.

21. As further described in Attachment B, this application seeks permission to located not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how The DEVICE was used,

the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on The DEVICE because:

    a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

    b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process.

10

        Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, it is sometimes necessary to establish that a particular thing is not present on a storage medium.

    f. I know that an electronic device can be an instrumentality of the crime and also can be a storage medium for evidence of the crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain data that is evidence of how the electronic device was use; data that was sent or received; and other records that indicate the nature of the offense.

22.    In addition to any electronic evidence described above, I am seeking authority to search for any items detailed in Attachment B.

23.    Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant your Affiant is applying for would permit the examination of The DEVICE consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

24.    Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion

onto a premises. Consequently, your Affiant submits there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## **CONCLUSION**

25. Based on all the above-listed facts and circumstances, your Affiant believes that probable cause exists for a search warrant authorizing the examination of The DEVICE described in Attachment A to seek the items described in Attachment B, which will constitute evidence and instrumentalities concerning violations of Title 18 U.S.C. §§ 2251(a) and (e) (Sexual Exploitation of a Child), and Title 18 U.S.C. § 2252A(a)(5)(B) (Possession of Material Containing Child Pornography).

26. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States… that - has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

27. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

Respectfully submitted,

Timothy C. Doyle
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on the 20th day of July 2023

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

This warrant applies to the below listed mobile phone:

1. One (1) Apple iPhone XR, black in color, with broken camera and broken back (The DEVICE)

  

## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED

1. All electronically stored information on The DEVICE described in Attachment A that depict child pornography or communications or other records that show a violation of Title 18, U.S.C. §§ 2251(a) and (e) (Sexual Exploitation of a Child), and 2252A(a)(5)(B) (Possession of Material Containing Child Pornography), including any electronic records or data that show the creation, transmission, possession, distribution, or receipt of child pornography, including, but not limited to:

    a. records relating to communication with others as to the criminal offenses above; including telephone numbers and/or IP addresses assigned to the individual devices, incoming and outgoing voice messages; text messages; multimedia messages]; emails; applications that serve to allow parties to communicate; all call logs; secondary phone number accounts, including those derived from Wickr, Skype, Line 2, Google Voice, and other applications that can assign roaming phone numbers; and other Internet-based communication media;

    b. records relating to documentation or memorialization of the criminal offenses above, including voice memos, photographs, notes, memos, videos, emails, and other audio and video media, and all information and metadata attached thereto including device information, geotagging information, and information of the relevant dates related to the media;

    c. records relating to the planning and execution of the criminal offense above, including Internet activity, including firewall logs, caches, browser history, and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, records of user-typed web addresses, account information, settings, and saved usage information;

    d. application data, including but not limited to Facebook, Instagram, Snapchat, Twitter, Kik, Wickr, WhatsApp, Messenger, Youtube, relating to the criminal offenses above; and

    e. any and all child pornography.

2. Evidence of user attribution showing who used or owned The DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved use names and passwords, documents, and browsing history.

3. All records and information related the geolocation of The DEVICE at a specific point in time.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.